J-S07021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL EDWARD CRATER, SR. | |
| Appellant | No. 1094 MDA 2016 |

Appeal from the Judgment of Sentence December 5, 2013
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000495-2011
CP-50-CR-0000500-2011
CP-50-CR-0000501-2011

BEFORE:  BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 06, 2017**

Daniel Edward Crater, Sr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Perry County, following his conviction for two counts of sexual abuse of children.[1]  Upon review, we affirm.

Three separate cases were opened against Crater involving allegations of child sexual abuse.  A jury trial in the case at docket number CR-501-2011 resulted in a guilty verdict for one count each of unlawful contact with a minor,[2] endangering the welfare of a child,[3] corruption of minors,[4] simple

_____

[1] 18 Pa.C.S. § 6312(b).

[2] 18 Pa.C.S. § 6318(a).

assault,[5] and harassment.[6] In each of the cases at docket numbers CR-495-2011 and CR-501-2011, Crater entered a guilty plea to two counts of sexual abuse of children.

Initially, Crater was sentenced to 12 to 24 months' incarceration for each of the four counts of sexual abuse of children, 12 to 24 months' incarceration for endangering the welfare of a child, and 16 to 60 months' incarceration for unlawful contact with a minor. All sentences were to run consecutively to each other. On December 13, 2013, Crater filed a motion to modify sentence, which was granted in part on March 10, 2014. The court reduced the sentence for unlawful contact with a minor to 1 to 9 months' incarceration and the sentence for endangering the welfare of a child to 5 to 12 months' incarceration. The court denied Crater's request to run his sentences for sexual abuse of a child concurrently because there were four different victims. This appeal followed.[7]

Crater raises the following issues for our review:

*(Footnote Continued)* ───────────────

[3] 18 Pa.C.S. § 4304(a).

[4] 18 Pa.C.S. § 6301(a).

[5] 18 Pa.C.S. § 2701(a).

[6] 18 Pa.C.S. § 2709(a)

[7] Crater's direct appeal rights were reinstated *nunc pro tunc* by the trial court after he filed a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546. **See** Order, 6/14/16

1. Did the [h]onorable [s]entencing [c]ourt abuse its discretion by sentencing Mr. Crater to four (4) consecutive terms of 12-24 months of incarceration without considering mitigation, was said sentence manifestly unreasonable and excessive, and did the [c]ourt below not state a sufficient reason in support of imposition of consecutive sentences?

2. Did the honorable sentencing court abuse its discretion by sentencing Mr. Crater to 1-9 months['] incarceration for the count of unlawful contact with a minor and a consecutive 5-12 month term of incarceration for the count of endangering welfare of a child consecutive to one another, without considering mitigation, was said sentence manifestly unreasonable and excessive, and did the [c]ourt below not state a sufficient reason in support of imposition of consecutive sentences?

Brief for Appellant, at 7.

Although divided into two issues, Crater's appeal raises one claim: whether his sentence is excessive, particularly since he has been ordered to serve the sentence for each conviction consecutively. This issue raises a challenge to the discretionary aspects of sentencing and is not appealable as of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before we can address such a discretionary challenge, an appellant must satisfy a four-part test:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720] ; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Instantly, Crater filed a post-sentence motion to modify his sentence raising his claim, followed by a timely notice of appeal to this Court. He has also included in his appellate brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). We must now determine whether Crater has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. In order to do so, an appellant must "advance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code or violated a fundamental norm of the sentencing process." *Commonwealth v. Feucht*, 955 A.2d 377, 383-84 (Pa. Super. 2008).

Typically, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." *Caldwell*, *supra* at 769 (citing *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)). However, a "critical distinction [exists] between a bald excessiveness claim based on imposition of consecutive sentences and an argument that articulates reasons why consecutive sentences in a particular case are unreasonable." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Indeed, the latter case "**may** raise a substantial question." *Id.* (emphasis in original).

Here, however, Crater merely makes a bald claim that the court "failed to give appropriate weight to mitigating circumstances, such as Mr. Crater's lack of any criminal history, age, exemplary employment history, personal characteristics and life situation[.]" Brief for Appellant, at 15. Crater does not articulate with any specificity in his Rule 2119(f) statement or elsewhere in his brief what should have mitigated his sentence, nor does he state any fundamental norm that was violated during his sentencing process. *Feucht, supra*; *Dodge, supra*. Accordingly, we find that Crater fails to raise a substantial question necessitating our review of his sentence.[8]

Judgment of sentence affirmed.

---

[8] Even if Crater raised a substantial question, he would be entitled to no relief since, as the trial court notes, it reviewed a presentence investigation report. *See Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) ("where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"). The court also provided its reasons on the record for sentencing Crater in the manner it did, which include, in particular, that two of Crater's victims are his children. *See* Trial Court Opinion, 9/7/16, at 4.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2017